Stephenson, J.
 

 At some point during the progress of the case the issue made by the petition must have been abandoned and a new issue injected into the case in some way. The petition directly avers that Colby died as a result of the injuries received by him on June 21, 1929, in the course of his employment. No claim is made in the petition that the injury accelerated an existing condition, to wit, cirrhosis of the liver. It pleads unequivocally that the injury caused the death.
 

 It is an old rule that the evidence must correspond to the pleadings and be confined to the point in issue. The theory of. recovery for death on the ground that the injury accelerated an existing condition seems to
 
 *373
 
 have been imported into Ohio from the state of Illinois in the case of
 
 Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894, wherein the following cases are cited:
 
 West Side Coal & Mining Co.
 
 v.
 
 Industrial Commission,
 
 321 Ill., 61, 151 N. E., 593, and
 
 Springfield District Coal Mining Co.
 
 v.
 
 Industrial Commission,
 
 303 Ill., 455, 135 N. E., 789.
 

 While the theory of acceleration was not in the case by the pleadings, it has been treated as being in the case by the briefs and we will so treat it to a certain extent.
 

 In the case of
 
 West Side Coal & Mining Co.
 
 v.
 
 Industrial Commission, supra,
 
 this proposition of law is made very explicit, that where the recovery is claimed on the basis of the acceleration of an existing diseased condition such condition must have been in existence at the time the injury was received. There is not a shred of testimony along this line except the answer of Dr. Mossman, decedent’s attending physician, to one question. The question and answer we quote:
 

 “Q. He didn’t have any other physical disability at that time, in June, 1930? A. Not that I could detect. They were undoubtedly there.”
 

 This is a mere guess even as of that time, which was after the accident. If the doctor could not detect them, how did he know there were other disabilities? Dr. Mossman further testified that on June 2, 1929, he made an examination of decedent, who had been ill with lobar pneumonia, that he gave him permission to return to work and told him that his heart and lungs and kidneys were sound in so far as he could ascertain in the customary method of examination.
 

 The injury in this case was to the oscalcis bone, one of the bones of the heel. All the medical testimony was to the effect that an injury to the oscalcis could not cause cirrhosis of the liver. The testimony was to the further effect that there was absolutely no connection between the injury and the liver condition.
 

 
 *374
 
 The testimony that was excluded by the trial court did tend to prove that the cirrhosis was accelerated by the injury; but there is nothing to prove that the cirrhosis existed at the time of the injury. By the weight of authority, before claimant could recover upon the theory of acceleration, .she was required to first show that the decedent had cirrhosis at the time he was injured. This she failed to do.
 

 The two Illinois cases cited in the case of
 
 Weaver
 
 v.
 
 Industrial Commission, supra,
 
 are interesting and we quote briefly from those cases. In the case of
 
 Springfield District Coal Mining Co.
 
 v.
 
 Industrial Commission, supra,
 
 the court said, in effect:
 

 If death is fairly chargeable to an accident suf-. fered in the course of the employment as an efficient cause, compensation may be awarded, and the previous physical condition of the employee does not affect the right. So long as the injury sustained is the proximate cause of the incapacity or death, compensation is to be allowed although there was a pre-existing disease, if the disease was aggravated or accelerated by the accidental injury.
 

 This pronouncement of the law is supported by most of the Illinois authority.
 

 The court goes further and states: “But there must be a direct relation between the accident and the consequent disability or death,” citing
 
 Lawrence Ice Cream Co.
 
 v.
 
 Industrial Commission,
 
 298 Ill., 175, 131 N. E., 369. “Liability cannot be based upon a choice between two views equally compatible with the evidence.” The court here cites
 
 C. E. Peterson & Co.
 
 v.
 
 Industrial Board,
 
 281 Ill., 326, 117 N. E., 1033. “In this case * * * there was no connection between the accidental injury as a moving cause and the death. The most that the doctor was willing to say was that there was a possibility, due to the weakened condition of Zara from pre-existing disease and increased weakness from the sprain, that the sprain may have been
 
 *375
 
 a predisposing cause of pneumonia; but in Ms opinion there was no connection whatever.”
 

 The Illinois statute mates no provision for the recovery of compensation by dependents in case of death resulting from an acceleration of an existing condition any more than does the Ohio statute.. The Supreme Court of Illinois just seems to have reasoned it into the law, and we adopted it in the
 
 Weaver case, supra.
 
 Even in Illinois, where the acceleration theory seems to have originated, it is a
 
 sine qua non
 
 that the condition accelerated must have existed at the time of injury in order to make a compensable case.
 

 The objectionable testimony proffered by claimant, even upon the theory of acceleration, which was not in the case by the pleadings, was totally incompetent unless and until she made the showing that Colby, the decedent, had cirrhosis of the liver at the 'time of injury. Not having done so, the trial court committed no error in the exclusion of the testimony.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.