## LIDYARD v GENERAL FIREPROOFING CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2564.   Decided May 4, 1939

Charles S. Miller and Leon J. Knight, Youngstown, for appellee.

Harrington, Huxley & Smith, Youngstown, for appellant.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment on a verdict in favor of the plaintiff against a self-insurer under the Workmen's Compensation Law.

During the trial, the defendant contested the jurisdiction of the court of common pleas to review the order of the Industrial Commission, denying the plaintiff further compensation, and after the verdict it raised the same question by a motion for judgment notwithstanding the verdict. It also moved for a new trial. Without passing on the motion for a new trial, the court sustained the motion for judgment and entered judgment in favor of the defendant. The plaintiff appealed from that judgment, which is an appeal prior to the one now before the court.

On that appeal the court reviewed the facts in the record and reached the conclusion that the Industrial Commission had found that whatever disability the plaintiff was under did not result from an injury received in the course of and arising out of his employment, refused to inquire into the extent of such disability, and denied to him any further compensation. The court found that this was a denial upon a jurisdictional ground, and that, therefore, the common pleas court had jurisdiction to review the finding on appeal from the Industrial Commission. Accordingly, the judgment was reversed and the cause remanded to the common pleas court for further proceedings. Thereupon, that court proceeded to hear the motion for a new trial, overruled the motion, and entered judgment for the plaintiff upon the verdict. That is the judgment now under review.

Because of the judgment rendered on the former appeal, we lay aside the issue of the jurisdiction of the common pleas court, as settled in this case by the judgment rendered in the former appeal.

This leaves three assignments of error, which we will consider.

(1) It is claimed that the verdict and judgment are against the manifest weight of the evidence. In passing upon the jurisdictional issue raised by the former appeal, the court was required to and did analyze the evidence to determine the basis of the Commission's rejection of the plaintiff's application. The court reached the conclusion that there was substantial evidence before the Commission that the plaintiff was suffering from a disability. We concur in this conclusion.

(2) The defendant contends that there was a variance between the allegations in the petition and the proof. In the petition the plaintiff alleged that:

"Plaintiff, subsequent to the 24th day of September, 1928, became disabled by reason of osteomyelitis of the left lower femur, which disability resulted directly from the injuries aforesaid, and became total on or about the 1st day of August, 1931, and caused this plaintiff to obtain medical services and attention."

It should be noted at once that the allegation is not merely that the osteomyelitis caused the disability, but also that the injury caused the disability.

There was evidence tending to prove that the plaintiff may have been suffering from osteomyelitis at the time of the accident, and that the injury then received aggravated or accelerated it. The court charged the jury on this hypothesis. In **Ackerman v Industrial Commission, 131 Oh St 371,** the court held that unless the disease existed at the time of the injury there could be no compensation on the theory that the injury accelerated or hastened the death or disability. In that case the court found there was no evidence that the disease existed at the time of the injury, and that as death resulted from a disease subsequently contracted and not shown to have been caused by the injury, it affirmed the judgment of the common pleas court for the Industrial Commission.

It is claimed that the Ackerman case applies here, and requires a reversal of

this judgment. We do not think so. It is true that it is stated in the opinion, arguendo, that acceleration of an existing disease had not been pleaded, but the case was not decided on that ground. This is shown by the syllabus, which we quote:

"1. In an action brought by a dependent for a death award under the Workmen's Compensation Act, on the ground that the injury accelerated a diseased condition and hastened death, such diseased condition must exist at the time of injury, else the case is not compensable.

"2. Unless and until it is shown that the diseased condition existed at the time of injury, all testimony tendered for the purpose of showing acceleration of a diseased condition is incompetent and should be excluded."

Under the law this case was tried on the record made before the Industrial Commission upon rehearing. No other evidence was competent. In that record was found the evidence relating to pre-existing disease and acceleration. The defendant knew of its existence at all times. To hold that this judgment should be reversed on this ground would be bowing to a technicality that produced no prejudice, and would be in disregard of the statutory provisions requiring the court to disregard all non-prejudicial errors, and to allow amendments, one of which is to make pleadings conform to the proof, at all times in the interest of justice.

The real issue raised by the record was not whether a disease existed at the time of the injury or developed later as a direct result of the injury. The distinction was immaterial. The ultimate issue was whether the disability directly resulted from the injury. The allegations of the petition certainly informed the defendant that that was the plaintiff's claim. That issue was presented and every phase searched before the Commission and at the trial. The defendant had the opportunity—and availed itself of it—to present its

evidence on every phase including the difference in inferences necessary to sustain a finding that the injury caused the disability when there was and when there was not an existing disease at the time of the injury.

We find no prejudicial error here.

(3) A physician called by the plaintiff was permitted to testify as to what he stated to him, that he had pain in the knee joint and continued pain in the femur. While it is conceded that this statement would have been competent if made to an attending physician, it is contended that the record shows that this physician was not an attending physician, and that this statement was not made for the purpose of treatment, but to enable the physician to testify. We are inclined to so construe the record, and under the rule laid down in **Pennsylvania Co. v Files, 65 Oh St 403**, error was committed in overruling the defendant's objection. But there was no doubt about the plaintiff's condition. The issue was as to the cause of that condition. The error not not prejudicial.

Finding no error, prejudicial to the defendant, upon the record, the judgment is affirmed.

HAMILTON, PJ. & ROSS, J, concur.