SCHERDER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE. (TWO CASES.)

(Nos. 6295 and 6298—Decided July 6, 1943.)

*Mr. Frank J. Richter,* for appellant, Dora B Scherder.

*Mr. B. Wm. Heidkamp,* for appellant, Dora K. Scherder.

*Mr. Thomas J. Herbert,* attorney general, *Mr. Robert E. Hall* and *Mr. Edward A. Schott,* for appellee.

MATTHEWS, J. These two plaintiffs have appealed from judgments, based on instructed verdicts, for the defendant, denying to them, or either of them, the right to compensation from the workmen's compensation fund, as the widow of George Scherder, deceased.

George Scherder was an employee of The Red Top Brewing Co., a complying employer under the Workmen's Compensation Act. He is described as having been a very heavy man, and at the time of his injury was 61 years of age. In May, 1938, in the course of his employment he slipped and was thrown violently to the floor, landing in a sitting position. His whole body was undoubtedly severely jarred, causing great pain in many parts of his body and his left knee cap was broken, apparently without coming in contact with any object. He was removed to a hospital where an operation was performed upon his knee. He developed bronchial pneumonia and was confined to his bed for several weeks. At the time he entered the hospital his general condition was diagnosed as good. He was not able to work at any time after he left the hospital. He re-entered the hospital in November, 1939, when

the diagnosis showed that he was suffering from arterio sclerosis, myocarditis, and many other specific local manifestations of a general breakdown of the circulatory system, the most alarming being, of course, the sclerosis of the coronary artery. His condition became worse gradually until his death on December 17, 1939. His death was caused by the climaxing of this general condition as coronary thrombosis, causing an occlusion.

On May 3, 1940, Dora Keichler Scherder filed an application for compensation with the Industrial Commission, basing her right thereto on the claim that she was the widow. The proceeding thus initiated was given the number of 1459350 by the Industrial Commission.

On May 18, 1940, Dora Burlin Scherder filed her application for compensation, likewise basing her right on the claim that she was the widow. Her application was given the same number and filed in the pending proceeding, thus designated.

Notwithstanding the fact that the caption and number would indicate only one proceeding, the Industrial Commission seems to have treated them as having no relation to one another. It heard the evidence relating to the claim of Dora Burlin Scherder, apparently without notice to Dora Keichler Scherder, including evidence as to the injury and whether that injury caused or accelerated the death, and found that George Scherder's death was not the result of the injuries and that Dora Burlin Scherder was not his widow. On rehearing, her claim was denied on the same grounds on April 29, 1942.

The commission had previously denied Dora Keichler Scherder the right to compensation on the ground that the proof that she was the widow was insufficient and on rehearing on April 27, 1942, had again denied

her the right to compensation on that ground and on the additional ground that George Scherder's death was not the result of "the injury in this claim."

In due time, each claimant filed petitions in the Common Pleas Court, appealing from the denial of compensation and these petitions were docketed as independent actions.

On January 23, 1943, the Common Pleas Court sustained a motion of the defendant to consolidate the actions, to which there was no objection or exception.

On February 10, 1943, the consolidated cases came on for trial. At the threshold of the trial, counsel for Dora Burlin Scherder objected to a consolidation of the record of his client with that of Dora Keichler Scherder. That objection was overruled on the ground that the consolidation had already been made. Counsel then objected to the introduction of any of the evidence relating to Dora Keichler Scherder in the case of Dora Burlin Scherder v. The Industrial Commission of Ohio. On this objection, the court ruled as follows:

"I have indicated I will regard this as two cases tried together and I am going to hear the evidence of both claimants or plaintiffs, and I am going to hear the evidence of defendant, or motion of defendant if he has a motion to direct a verdict and if that is overruled, I will hear his defense."

The case or cases then proceeded to trial and on conclusion of the evidence the court, on motion of the defendant, instructed verdicts for the defendant Separate verdicts were returned and recorded in each case. Separate judgments were rendered on the verdicts, as though the cases had not been consolidated.

Each plaintiff has appealed from the adverse judgment, and in this court the appeals were docketed as distinct appeals, but were heard at the same time.

It developed that the litigants in preparing their bills of exceptions have used the transcript certified to the Common Pleas Court by the Industrial Commission. In the Dora Burlin Scherder appeal, it appears that there was incorporated into the bill of exceptions that part of the Industrial Commission record that related to the injury, the cause of death, the relation, if any, of the injury to the death, and the evidence of the relation of Dora Burlin Scherder to the decedent, but none of the evidence as to the relation of Dora Keichler Scherder to him. By the certificate of the trial judge and stipulation of counsel, it appears that all the evidence in the bill was offered in evidence, but the rulings of the court on its admission or exclusion are not shown. In view of the instructed verdict, we do not regard the absence of these rulings as material.

The bill of exceptions filed in the appeal of Dora Keichler Scherder contains the evidence relating to the relation between her and the decedent, but no evidence as to the injury or its relation to George Scherder's death, and the certificate of the trial judge recites that the bill contains all the evidence.

The method used to bring upon the record the evidence offered in these cases is certainly not a model to be recommended. Recourse to it here probably was made necessary by the inability of the plaintiffs to pay the cost of a transcript of the testimony. However, the determination of the form of the bill of exceptions rests with the trial court. This court accepts it in the form presented and passes upon the issues raised by the substantial matter brought upon the record by the certificate of the trial judge.

Counsel have directed our attention to the inconsistent attitude taken at different times by the Industrial Commission and the Common Pleas Court as to

whether these rival claims to widowhood were being asserted in one or two proceedings. The General Assembly does not seem to have anticipated such a situation. From the fact that the right asserted is based entirely on statute, the method of its assertion before the Industrial Commission can be regulated by that body, unhampered by the due process or other constitutional provision. The difficulty arises when the rival claimants appeal to the Common Pleas Court from the denial of their conflicting claims by the Industrial Commission. The statute provides that the claimant shall be the plaintiff and the Industrial Commission the defendant. There is no provision for making a rival claimant or any other person having an interest a party. So separate actions are instituted by the filing of the petitions and they are separately docketed and numbered. There is no statutory provision for their consolidation. Usually, the wisdom and convenience of consolidation are so strong as to bring that result by agreement of the parties or without objection from them as was done in the case of *Industrial Commission* v. *Dell, Exrx.*, 104 Ohio St., 389, at 392, 135 N. E., 669, but in the case at bar the issues raised prevented consolidation by agreement and both parties insisted on regarding the actions as independent of one another. It would seem that legislation would be efficacious.

However, there is no doubt that in this court the appeals are entirely distinct, and although presented together, each appeal will be disposed of on its own record, without reference to the record in the other appeal.

We will consider the appeal of Dora Burlin Scherder first.

She claims to have been the common-law wife of the decedent and to have lived with him as such during the last three or four years of his life. Without detailing the evidence, it is sufficient to say that there is substantial evidence that they agreed to live and did live together as man and wife, and held themselves out as husband and wife. There was sufficient evidence to require that issue to be submitted to the jury.

In the petition, the plaintiff alleged that the decedent "fell violently to the garage floor, causing him to receive injuries which resulted in his death on December 17, 1939." There was no allegation of a pre-existing disease which the fall aggravated and thereby caused his death to be accelerated. It is urged that evidence of an acceleration of a pre-existing disease was irrelevant under the issue as made by the petition and answer, and *Ackerman* v. *Industrial Commission*, 131 Ohio St., 371, 3 N. E. (2d), 44, is cited as so deciding. The syllabus contains no such decision, and what was said in the opinion on the subject was not necessary to the decision. In *Lidyard* v. *General Fireproofing Co.*, 62 Ohio App., 500, 24 N. E. (2d), 635, we had occasion to consider the scope of the decision in *Ackerman* v. *Industrial Commission, supra,* and reached the conclusion that it was not an authority on the point for which it is cited here. We will not restate our reasons. We still believe they are sound and adhere to the view that in an action against the Industrial Commission, before which the issue was whether the injury had aggravated a pre-existing disease, the issue in the Common Pleas Court is not narrowed by an allegation that death resulted from the injury.

Now was there sufficient evidence of an acceleration of this disease to require the issue to be submitted to the jury?

On this subject, one physician testified:

"He gave a history of having had an injury in May, 1938, which was followed immediately by so-called bronchial pneumonia and in view of the fact that he had had, apparently, a normal heart throughout his gall bladder operation and his hospitalization for the gall bladder trouble, I am of the opinion that the pneumonia precipitated the heart trouble. I think the pneumonia was quite a definite factor and that it entered into this man's decline of health and the progress of his heart condition."

Another physician testified that:

"Q. Doctor, are you able to give us an opinion as to whether or not his death from heart trouble was the result of his injury to his knee in May, 1938 and subsequent confinement in the hospital? A. In my opinion, in surveying this man's history, as I knew him and knowing that he was in good health in 1937, that he was in sufficiently good health to withstand a major operation and get a complete recovery, and knowing that he had quite a severe injury and knowing that he had, following that, a bronchial pneumonia, and knowing that immediately following that he had these various conditions pertaining to the heart, I am of the opinion that his accident was a direct factor in his decline.

"Q. Will you state whether or not in your opinion unusual causes, such as a severe fall followed by bronchial pneumonia would have a tendency to aggravate and accelerate such a sclerotic condition? A. In my opinion there is no question about the condition brought on by Mr. Scherder's accident, that the subsequent bronchial pneumonia would hasten the process. The fact that he was quiet and had to be in bed, even the mental effect of a man who is ambitious and

wanting to work and having to be confined to the house for a year would have a definite effect upon his sclerotic process.''

Our conclusion is that the court erred in sustaining the defendant's motion for an instructed verdict in the case of Dora Burlin Scherder, and that the judgment must be reversed in her case.

Turning now to the case of Dora Keichler Scherder, we find the record presents entirely different issues for consideration. There is no evidence whatever on the subject of the relation of the injury to the death, and if that was an issue on the rehearing before the Industrial Commission, the dearth of evidence is fatal to the appellant, Dora Keichler Scherder. The appellant's claim is that there was no such issue. Her claim is that when the Industrial Commission rejected her claim on the sole ground that she was not the widow, that made the only issue before the commission on her application for a rehearing, and the only issue in the Common Pleas Court on appeal, and that the rejection of her claim on rehearing on the additional ground that the death did not result from the injury was null and void. Counsel claims that result is produced by the application of the provisions of Section 1465-90, General Code, as amended, effective July 3, 1937, requiring the Industrial Commission to specifically state the ground or grounds of rejection. He argues that the purpose must have been to develop the issue or issues on the original hearing on the application for compensation and to limit the inquiry thereafter both before the commission and the court to the issue or issues thus developed.

We think it is true that the purpose of the amendment was to require that the ground of the rejection should be developed and clearly stated by the Indus-

trial Commission. The history of the times makes it clear that the amendment was in response to dissatisfaction with the denial of compensation without clearly stating the ground, the result being that the claimant was often in a quandary as to whether the rejection was on a jurisdictional ground, entitling him to a review on appeal, or whether the rejection resulted after an inquiry into the extent of the disability from which there could be no appeal, as the commission had assumed and acted within its continuing jurisdiction. By specifying the grounds of rejection from which an appeal could be taken and requiring the Industrial Commission to specifically state the ground of rejection, it was hoped the uncertainty theretofore arising in many cases as to whether rejection had been on a jurisdictional ground would be avoided.

But we find nothing in the amendment that in any way limits the jurisdiction of the Industrial Commission on the rehearing of the claim. That the original rejection of the claim should have no such crystallizing effect on the issues on rehearing is indicated by the provision in Section 1465-90, General Code, that upon the filing of the application for a rehearing "the former action of the commission * * * shall be vacated."

Counsel relies on *State, ex rel. Moore,* v. *Industrial Commission,* 141 Ohio St., 241, 47 N. E. (2d), 767. We do not think it supports his contention. That case did not involve the permissible issues before the Industrial Commission on rehearing or the actual issues litigated on appeal to the Common Pleas Court. The Common Pleas Court had found that the plaintiff was entitled to participate and had so certified to the Industrial Commission. Notwithstanding that, the Industrial Commission refused to make an award and the case was an original action in mandamus in the Supreme Court to compel an award. In that action the Indus-

trial Commission attempted to defend on grounds that it might have asserted, but did not assert in the appeal from its rejection of the claim. All the Supreme Court decided was that the judgment of the Common Pleas Court was *res judicata* not only of the issues and defenses that were asserted, but all that might have been asserted. Clearly, the case is no guide to a conclusion in this case.

Our conclusion in the case of Dora Keichler Scherder is that the court did not err in directing the jury to return a verdict for the defendant.

For these reasons the judgment in the case of Dora Burlin Scherder (No. 6295) is reversed and the cause remanded for further proceedings according to law, and the judgment in the case of Dora Keichler Scherder (No. 6298) is affirmed.

*Judgment reversed in cause No. 6295.*
*Judgment affirmed in cause No. 6298.*

Ross, P. J., and HILDEBRANT, J., concur.