Langdon, Appellant, *v.* Board of Liquor Control et al., Appellees.

(No. 6143—Decided December 22, 1959.)

*Mr. Greg J. Holbrock* and *Mr. Charles T. Kaps,* for appellant.

*Mr. Mark McElroy,* attorney general, *Mr. Theodore R. Saker* and *Mr. John A. Hoskins,* for appellees.

CRAWFORD, J. Appellant, Hargis Langdon, a liquor permit holder, has appealed from a judgment of the Court of Common Pleas affirming the revocation of his D-1, D-2, and D-3 permits, for possession upon the permit premises of intoxicating liquor in an original container which had been diluted, refilled or partially refilled in violation of Section 4301.68, Revised Code, and of Regulation No. 47 of the Board of Liquor Control.

It was charged that the contents of four bottles seized in appellant's place of business did not correspond to the labels thereon. One bottle was labeled Seagram's 7-Crown, two, Kessler's Blended, and one, Corby's Reserve. All four bottles and contents were admitted into evidence without objection.

The department's chemist, Howard Prisk, testified that he had made an anlysis of the contents of the four bottles; that in each instance he found the congeneric properties of the contents ''do not compare at all'' with the manufacturer's formula on file with the Department of Liquor Control, nor with the analysis of that particular brand made by the department; and that with respect to each of these three brands, the manufacturer's formula and the department's analysis do not vary greatly from each other.

He testified that he found the contents of each exhibit not to be the brand carried on the label. He gave his opinion that the contents in each instance possessed congeneric properties similar to those of P. M. blended whiskey. He said that his opinion

was based upon his analysis of the congeneric properties of each exhibit and a comparison of such analysis with the department's analysis and with the manufacturer's formula for the brand stated on the label.

Appellant's brief contains but one assignment of error, namely: "The Court of Common Pleas erred in sustaining the order of the Board of Liquor Control, which order was based solely on an opinion of an expert, without any other evidence on which an opinion could be propounded."

It is to be observed that with respect to each of the four exhibits the testimony of the expert chemist, Howard Prisk, may be divided roughly into three parts: (1) his finding that the congeneric properties of the exhibit did not correspond to those of the whiskey named on the label, (2) his deduction that the contents differed from the brand of whiskey named on the label, and (3) his opinion that the congeneric properties of the exhibit were similar to those of P. M. blend of whiskey.

His testimony of the first class is a scientific finding, that of the second class may likewise be classified as a scientific finding involving an expert comparison of analyses and formulae; it is arguable that this also involves in some sense the forming of an opinion.

If he had testified to the precise quantitative and qualitative results of each analysis and to the department's analysis and the manufacturer's formula for the particular brand of whiskey named in the label, we believe there would be no validity whatever in the objection to his testimony, including the portions thereof properly classified as opinion.

"The rule permitting opinions of expert witnesses to be given in evidence is chiefly applicable to cases in which, from their very nature, the facts disconnected from such opinions cannot be clearly presented to the jury so as to enable them to pass thereon with the requisite knowledge and informed judgment. Expert testimony is admissible only where, by reason of peculiar skill and experience, inferences can be drawn from facts, which an ordinary untrained mind cannot deduce, or where such testimony relates to a subject which is not within the average experience and common sense of the jury." 21 Ohio Jurisprudence (2d), 420, Evidence, Section 412.

"If the expert witness called upon to give expert testimony is acquainted with the facts of the case—that is, if he has personal knowledge or has made personal observation—he may give his opinion upon the basis of his knowledge and observation in response to direct interrogation, provided he is shown to have sufficient knowledge of the facts to enable him to form an opinion entitled to be given weight by the jury, and provided the witness first testifies to the facts in his own knowledge upon which his opinion is based * * *." 21 Ohio Jurisprudence (2d), page 434, on the subject of Evidence, Section 425.

While we could have wished that the facts had been given in more detail, we feel that as given they are probably sufficient for the purpose.

"If an expert may give his opinion on facts testified to by others, we see no reason why he may not do so on facts presumably within his own personal knowledge; and if his knowledge of any material fact be wanting or defective, the parties have ample opportunity to show it by cross-examination, and by testimony *aliunde*." *Bellefontaine & Indiana Railroad Co.* v. *Bailey*, 11 Ohio St., 333, at page 337.

It is interesting to compare the general rule permitting a lay witness to testify upon the question of intoxication.

"* * * It is well established, therefore, that a witness who has had opportunity to observe the facts upon which he bases his opinion may give his opinion as to whether the person was intoxicated at the particular time in question. Of course, actual observations on the part of the witness are the essential basis of his opinion on intoxication, and, in the usual and regular course, such facts must be proved as a foundation. The better practice is for the witnesses to describe the actions and conduct of the party and then give their opinions as to whether he was intoxicated, although it is generally recognized that they may give their opinions upon this matter without describing the actions and conduct of the person in question." 20 American Jurisprudence, 737, Evidence, Section 876.

It must be borne in mind that each exhibit was in evidence, and that the chemist was subjected to cross-examination. The record discloses no effort by the appellant to make his own analysis of the exhibits or to subpoena the department's records of formulae and analyses.

Furthermore, upon cross-examination, appellant's counsel chose not to pursue the subject of congeneric properties at all, but elected instead to develop other subjects: Comparison of proofs which showed no material deviation; the fact that the exhibits, as well as the whiskeys named in the labels, were all blends; that the proportions of straight whiskeys and neutral spirits in the exhibits had not been determined; and that neither had the age of the straight whiskey contained therein.

Counsel for appellant, on cross-examination, omitted the subject upon which the chemist made his findings and based his opinion.

The admission of the evidence in the form in which it was presented, without requiring further detail, was a matter to be determined by the board in its discretion. We find no abuse of that discretion. This chemist who testified both to his findings and to his opinion was sufficiently qualified as an expert, according to the record; he had adequate means of knowing the facts upon which to base his opinion; and the substances which he tested were in evidence. The analyses and formulae with which he compared his findings were public records. He told what tests he made. He was subjected to cross-examination. The language of courts may vary from case to case and in differing circumstances as to the extent to which an opinion witness, lay or expert, should testify to the facts upon which his opinion is based. We find no authority for excluding or denying serious consideration of such opinion under the safeguards of truth existing here.

It should be observed that there was some supporting evidence in addition to that of the chemist, such as the record of purchases of various brands of whiskey by the appellant, showing a great volume of P. M., which he pushed, and which was one of his best sellers.

We are of the opinion that the board's order is supported by reliable, probative and substantial evidence and is in accordance with law as prescribed in Section 119.12 of the Revised Code.

The order is affirmed.

*Order affirmed.*

BRYANT, P. J., concurs.

DUFFY, J., dissenting. Believing that the Board of Liquor Control made improper rulings on the admissions of the opinions of the chemist, an employee of the Department of Liquor Control, I am of the opinion that there was no evidence before the Board of Liquor Control on which they could make an independent decision that the contents of the bottles placed in evidence had been diluted, refilled or partially refilled in violation of Section 4301.68 of the Revised Code, and of Regulation No. 47 of the Board of Liquor Control. Certainly the file does indicate that there was evidence which the state could have properly presented upon which the chemist could have based an opinion that the bottles were refilled, but it was not, and in giving his opinion the chemist was making a comparison between records of congeneric contents kept in the department's files with his own findings as a result of the testing of the bottles, and since his opinion was based on records not offered in evidence the objection to such an opinion should be sustained. See *Cousineau* v. *Industrial Commission*, 59 Ohio Law Abs., 142, 99 N. E. (2d), 323.

Nowhere in the record made before the Board of Liquor Control is there any showing as to the congeneric properties of the contents of the exhibits placed in evidence or of the brands of whiskies named on the labels of those bottles, nor is there any evidence of the congeneric properties of the brand of whiskey known as P. M. and to which the chemist testified that the contents of the bottles placed in evidence were similar. It appears that the chemist's opinion does not supplement any evidence already presented to the triers of the facts but it supplants evidence to be presented and it leaves nothing else for the board upon which they could base their decision.

In accepting the evidence of the chemist upon the precise or ultimate facts of the issue to be decided by the Board of Liquor Control, the board overlooked the general rule that a witness, either expert or otherwise, may not be permitted to give an opinion which in effect answers the very question as to the existence or nonexistence of an ultimate fact to be determined by the triers of the facts. *Shepherd* v. *Midland Mutual Life Ins. Co.*, 152 Ohio St., 6, 87 N. E. (2d), 156, 12 A. L. R. (2d),

1250. See, also, the discussion in *Dickman* v. *Struble*, 104 Ohio App., 44, 146 N. E. (2d), 636. It would seem that the chemist made a comparison between his findings and certain records on file in his department and there is no showing that such facts were "beyond the experience, knowledge or comprehension of a jury," nor were they such that they could not have been understood by the members of the Board of Liquor Control.

In my opinion the administrative agencies such as the Board of Liquor Control should be bound by the rules of evidence, and even though it is a highly specialized board dealing only with liquor cases, short-cuts such as this should not be permitted by them.

CRAWFORD, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.