74

(No. 237—Decided January 12, 1965.)

*Mr. R. N. Larrimer* and *Mr. Thomas J. Zuber,* for appellee.
*Mr. William B. Saxbe,* attorney general, and *Mr. Harold A. Knouff,* for appellant James L. Young, Administrator, Bureau of Workmen's Compensation.

COLLIER, P. J.   The application of Essie Sands for compensation on account of the death of her husband, James F. Sands, alleging that death occurred on May 17, 1960, as result of injuries sustained on July 5, 1955, was disallowed by the Administrator of the Bureau of Workmen's Compensation on September 13, 1960.   On February 20, 1961, this order was affirmed by the Columbus Regional Board of Review, and on August 13, 1962, the order was affirmed by the Industrial Commission. The parties will be designated hereinafter as the plaintiff and defendants in the same relation they appeared in the Common Pleas Court.

An appeal was timely taken from the orders of the Columbus Regional Board of Review and the Industrial Commission to the Common Pleas Court of Pike County.   In her amended petition the plaintiff claims that on July 5, 1955, her deceased

husband, while in the course of his employment for the Patterson Emerson Comstock, Inc., sustained severe third-degree burns over his entire body and as a direct and proximate result thereof he died on May 17, 1960. The defendants, in their answer, denied that the death of plaintiff's decedent was the result of an accidental injury arising out of his employment. The trial by jury resulted in a verdict in favor of the plaintiff upon which judgment was entered on June 4, 1963. Defendants' motions for a new trial and judgment notwithstanding the verdict were overruled. This appeal on questions of law followed. The assignments of error are:

1. The court erred in admitting into evidence, over objections by defendant, proof of material issues not raised by the pleadings, nor within the jurisdiction of the court.

2. The court erred in instructing the jury on material issues not raised by the pleadings, nor within the jurisdiction of the court.

3. The court erred in overruling defendant's motion for judgment notwithstanding the verdict.

The single question raised by these assignments of error is whether, in an appeal from a decision of the Industrial Commission to the Common Pleas Court, where the plaintiff claims decedent's death resulted from an injury which aggravated a pre-existing disease, it is necessary to plead the existence and aggravation of such disease in the petition.

The defendants claim that in the absence of such an allegation the issue was limited to the question of whether the injuries caused decedent's death; that the court erred in the admission of evidence relating to the aggravation and acceleration of a pre-existing disease as the cause of death; that the admission of such evidence injected a material issue into the case not raised by the pleadings and not within the jurisdiction of the court; that the court erred in instructing the jury on the subject of aggravation and acceleration of a pre-existing disease as the cause of death; and that the judgment rendered on this issue, which was not presented by the pleadings, is void.

The plaintiff takes the position that she is required to plead only ultimate facts; that it was improper to plead facts showing a pre-existing disease which was aggravated by the injury directly and proximately resulting in her husband's

death; and that such facts are evidentiary and admissible under the allegation of the ultimate facts which were pleaded.

Section 4123.519 of the Revised Code defines the administrative procedural steps to perfect an appeal of this kind and provides that "The claimant shall, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues." This statute, in its present form, requires the claimant-appellant to set forth in the petition, first, the procedural steps taken before the Industrial Commission denying the claim for compensation, that is, the jurisdictional facts, and, secondly, *to set forth the issues.* No question arises as to the first requirement. The jurisdictional facts are not in dispute. The question is whether the amended petition meets the second requirement in "setting forth the issues."

The plaintiff's evidence tends to show that on July 5, 1955, plaintiff's deceased husband, while in the course of his employment, sustained burns over certain parts of his body when an electric condenser exploded; that he was taken to a hospital and there, upon examination, it was discovered he was suffering with lymphatic leukemia; and that the injuries sustained aggravated and accelerated this pre-existing disease, resulting directly and proximately in decedent's death on May 17, 1960. The defendants' evidence tends to show that death was not caused by the injury, but by the disease with which decedent was suffering before he was injured.

The courts of Ohio have long recognized the right to receive compensation for disability or death caused by aggravation or acceleration of a pre-existing disease or infirmity by an accidental injury sustained in the course and arising out of employment. 58 Ohio Jurisprudence 2d 210, Section 80. Defendants have not cited any authority for their contentions except the general rules of pleading that a party's proof must correspond substantially with the allegations of his pleadings. However, it has been held in several cases that the strict rules of pleading do not apply in an appeal of this kind. In *Lidyard* v. *General Fireproofing Co.,* 62 Ohio App. 500, it was held in the first paragraph of the syllabus:

"A judgment in favor of a claimant in an action against a self-insurer under the Workmen's Compensation Act, will not

be reversed on the ground of a variance between the petition and proof, where the evidence shows that the injuries aggravated a preexisting condition and the petition alleges that the 'disability resulted directly from the injuries.' "

And, in *Scherder* v. *Industrial Commission*, 73 Ohio App. 172, the third paragraph of the syllabus reads:

"It is not necessary to allege specifically a pre-existing disease in claiming compensation before the Industrial Commission to make proof thereof competent to show that death resulted from acceleration of disease by injury in the course and arising out of employment."

See, also, *Cousineau* v. *Industrial Commission*, 59 Ohio Law Abs. 142, and 32 A. L. R. 2d 1459 Note. In the case of *Ackerman* v. *Industrial Commission*, 131 Ohio St. 371, this question of pleading was referred to but not decided. That case turned on the nonexistence of a pre-existing condition at the time of injury. As stated by Judge Matthews in the *Lidyard case*:

"* * * The ultimate issue was whether the disability directly resulted from the injury. The allegations of the petition certainly informed the defendant that that was the plaintiff's claim. * * *"

Defendants' contention of the injection of a new issue into the case is without merit. The evidence on every phase of the claim, including the existence and aggravation of the pre-existing disease, was before the Industrial Commission from the beginning of the consideration of the claim. The element of surprise was not in the case and the defendants could not have been prejudiced. The defendants availed themselves of such information in the trial of the case.

Our conclusion is that none of the assignments of error is well taken and that the judgment must be, and hereby is, affirmed.

*Judgment affirmed.*

BROWN and CARLISLE, JJ., concur.