CC BARS SAHARA, INC., d.b.a. Sahara Lounge, Appellant,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *CC Bars Sahara, Inc. v. Ohio Liquor Control Comm.* (1991), 76 Ohio App.3d 20.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–334.

Decided Aug. 29, 1991.

*Daniel P. McDonnell*, for appellant.

*Lee I. Fisher*, Attorney General, and *Kirk Gearhiser*, for appellee.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of CC Bars Sahara, Inc., d.b.a. Sahara Lounge ("Sahara"), appellant, from a judgment of the Franklin County Court of Common Pleas in favor of the Ohio Liquor Control Commission ("commission"), appellee. Appellee seized nine bottles of whiskey from appellant's place of business. A chemist for the state analyzed the whiskey and found that six of the nine bottles seized were below the advertised eighty proof. The results also demonstrated a discrepancy from the reference standard in the extracts, acidity and esters. The comparison was made to a reference standard which is compiled yearly by the commission. Thereafter, the commission filed a complaint against the appellant, alleging that the bottles had been refilled and/or diluted in violation of R.C. 4301.68 and Ohio Adm.Code 4301:1-1-47.

The commission conducted a hearing and determined that the permit holder, appellant, had violated R.C. 4301.68 and Ohio Adm.Code 4301:1-1-47, and ordered that the liquor permit be revoked. The appellant appealed that decision to the Franklin County Court of Common Pleas. When the trial court affirmed the commission's decision, this appeal ensued. The appellant now asserts the following three assignments of error:

"Assignment of Error No. I:

"The Department of Liquor Control failed to compare the properties of the seized bottles of liquor from the permit holder to the formulae provided by the manufacturers of the various brands which the appellant was charged with diluting or refilling.

"Assignment of Error No. II:

"There was no testimony to indicate that the permit holder or an agent or employee of the permit holder refilled or diluted any of the bottles under Regulation 4301:1-1-47 of the regulations of the Ohio Liquor Control Commission.

"Assignment of Error No. III:

"The reference standards and the seized permit holder's liquor bottles all contained less than eighty (80) proof whiskey which is less than the advertised proof on each of the various Canadian whiskeys."

In the first assignment of error, appellant asserts that the state's chemist did not use the formulae provided by each particular manufacturer in making the comparison between the bottles seized and a standard of reference. Appellant argues that the bottles seized from appellant's premises could have been processed three years before or three years after the sample used by the chemist in the standard of reference, which would result in varying congeneric properties. Appellee asserts that the commission annually tests a sample of each type of liquor sold in the state of Ohio and uses that analysis as the reference standard. Furthermore, each manufacturer must notify the Ohio Department of Liquor Control when there is a new product, or a change in the production of a current product, and forward a sample so that it can be tested.

R.C. 4301.68 provides:

"No person shall sell, offer for sale, or possess intoxicating liquor in any original container which has been diluted, refilled, or partly refilled."

Upon review, there is no statute or regulation which dictates that the commission must use the formulae provided by the manufacturers as a standard of reference, for comparison purposes, under circumstances such as those in the matter herein. In *Langdon v. Bd. of Liquor Control* (1959), 112 Ohio App. 232, 16 O.O.2d 149, 175 N.E.2d 866, syllabus, this court stated:

"An order of the Board of Liquor Control revoking a liquor permit for possession of diluted intoxicating liquor in an original container which has been refilled or partially refilled in violation of Section 4301.68, Revised Code, and the regulations of the board, is supported by reliable, probative and substantial evidence and is in accordance with law, where evidence before such board consisted of testimony of the board's chemist that an analysis of bottles found on the permit premises showed that the congeneric properties of the contents thereof did not compare with the manufacturer's formula *or with an analysis of such brand made by the Department of Liquor Control* * * *." (Emphasis added.)

In accordance with *Langdon*, the state chemist submitted six reports concerning the makeup of the liquor seized, which demonstrated that the alcohol content deviated from the reference standard by as much as 5.9 percent, extract by as much as 16.3 percent, acidity by as much as 46.1 percent, esters by as much as 73.6 percent, and color by as much as 8.1 percent. This evidence was uncontroverted, since the appellant offered no testimony or other evidence to support its claim that the liquor seized from its premises had not been tampered with prior to its seizure by the agents of the Ohio Department of Liquor Control. Accordingly, appellant's first assignment of error is not well taken and is overruled.

█ In the second assignment of error, appellant asserts that there was no testimony which demonstrated that the bottles seized had been diluted and/or refilled. Upon review, the record indicates that the commission was responding to a complaint that liquor being served at appellant's premises was diluted. The investigators answering the complaint arrived at the premises in the afternoon and identified themselves. Based upon their experience, they seized nine bottles that appeared to have worn labels. The contents of the bottles were tested and three of the bottles were found to be satisfactory. However, six of the bottles did not approximately match the reference standard and, thus, the state's chemist's written analysis indicates his conclusion, in each instance, whether the bottle analyzed was refilled, or diluted and refilled.

Accordingly, appellant's second assignment of error is not well taken and is overruled.

Appellant's third assignment of error asserts that the reference standards contained less than eighty proof whiskey. However, appellant presents this assertion without any supportive argument. The record indicates that the reference standards allow for a slight deviation below eighty proof, but generally do not allow for a deviation above eighty. The chemist for the state testified as follows:

"COMMISSIONER SWEENEY: Excuse me. How much of a margin do you allow below the advertised—

"THE WITNESS: The law states it should be within half a proof; but in this case because of the way we do it, we are allowed to give some balance, you know, 79 or 78.8. In other words, we are not—we are doing it just for the purpose of comparing them.

"COMMISSIONER SWEENEY: But you are also using it for these studies as well?

"THE WITNESS: Right, for comparing. And more often—can we go off the record?

"COMMISSIONER SWEENEY: Yeah.

"(Discussion off the record.)

"THE WITNESS: I don't recall any bottle that has been done that a report has been done for the DB & D that has has [*sic*] been substandard proof.

"COMMISSIONER SWEENEY: In this testing does it run on both sides of 80 roughly even. That is 81 as compared with 79?

"THE WITNESS: No, I never—

"COMMISSIONER SWEENEY: Does it generally run below?

"THE WITNESS: Yeah, right. That is primarily, we feel that they are very careful because the federal government would come very heavy on them because of the proof count."

There was no evidence presented that the reference standard used in this case by appellee showed a material deviation from the manufacturers' formulae.

Accordingly, based on the evidence, the reference standards were within the proof count deviation allowed by law. Appellant has not demonstrated otherwise.

Based on the foregoing, appellant's first, second and third assignments of error are not well taken and are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and TYACK, JJ., concur.